

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

ENTERED
10/28/2020

| | | |
|---|---|---|
| **IN RE:** | § | |
| **JUDY HOLLIE** | § | **CASE NO: 19-36429** |
| **Debtor** | § | |
| | § | **CHAPTER 13** |
| | § | |
| | § | |
| **JUDY HOLLIE** | § | |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | **ADVERSARY NO. 19-3703** |
| | § | |
| **THE BANK OF NEW YORK MELLON;** | § | |
| **fka THE BANK OF NEW YORK,** *et al* | § | |
| **Defendants** | § | |

## MEMORANDUM OPINION

On December 27, 2019, Judy Hollie ("*Plaintiff*") filed her initial complaint ("*Complaint*"),[1] asking this Court to declare the deed of trust on her property void, set aside the recent foreclosure sale, and quiet title in Plaintiff's name.  Plaintiff's Complaint is currently the live pleading before the court.  On July 20, 2020, The Bank of New York Mellon, f/k/a The Bank of New York, as Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee First Franklin Mortgage Loan Trust 2005-FF1, Mortgage Backed Pass-Through Certificates, Series 2005-FF1 ("*BONY*"), and PHH Mortgage Corporation ("*PHH*," and together with BONY, "*Defendants*") filed a single matter self-styled as Defendants' Motion for Judgment on the Pleadings ("*Motion*").[2]  Defendants ask this Court to dismiss Plaintiff's claims, arguing that Plaintiff could and should have brought her claims in two prior lawsuits involving foreclosure on her property.

---

[1] ECF No. 1.
[2] ECF No. 23.

On August 25, 2020, the Court held a hearing on the Motion and at the conclusion, ordered briefing on the issue of whether the doctrine of *res judicata* precludes Plaintiff bringing her constitutional claims in the instant adversary proceeding.  Briefing is now closed, and the matter is ripe for determination.  For the reasons set forth below, Defendants' Motion for Judgment on the Pleadings is granted, and the case is dismissed with prejudice.

## I.     Findings of Fact

### A.  Jurisdiction and Venue

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides "the district courts shall have original and exclusive jurisdiction of all cases under title 11."  Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[3]  Additionally, this Court may only hear a case in which venue is proper.[4]  In her petition, Plaintiff states that Pearland, Brazoria County, Texas is her principal residence and that she has resided in Pearland at least 180 days before the bankruptcy petition was filed;[5] therefore, venue is proper.

### B.  Constitutional Authority to Enter a Final Judgment

This Court has an independent duty to evaluate whether it has the constitutional authority to sign a final order.[6]  In *Stern,* which involved a core proceeding brought by the debtor under § 157(b)(2)(C), the Supreme Court held that a bankruptcy court "lacked the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim."[7]  The pending dispute before this Court is a core

---

[3] 28 U.S.C. § 157(a); *see also* In re: Order of Reference to Bankruptcy Judges, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).
[4] 28 U.S.C. § 1408.
[5] 19-36429, ECF No. 1.
[6] *Stern v. Marshall*, 564 U.S. 462 (2011).  *But see Wellness Int'l Network v. Sharif*, 135 S. Ct. 1932, 1938-39 (2015) (holding that parties may consent to jurisdiction on non-core matters).
[7] 564 U.S. at 503.

proceeding pursuant to § 157(b)(2)(K) because it concerns the validity of Defendants' lien on Plaintiff's property. The ruling in *Stern* was only limited to the one specific type of core proceeding involved in that dispute, which is not implicated here. Accordingly, this Court concludes that the narrow limitation imposed by *Stern* does not prohibit this Court from entering a final judgment here.[8] In the alternative, this Court has the constitutional authority to enter a final judgment regarding Plaintiff's Complaint because both Plaintiff and Defendants consented to entry of all final orders and final judgments by this Court.[9] As the Supreme Court held in *Wellness International Network v. Sharif*, "Article III [of the US Constitution] is not violated when the parties knowingly and voluntarily consent to adjudication by a bankruptcy judge."[10]

## II.    Analysis

### A.  Plaintiff's Complaint

This case involves allegations of actions or inactions by Defendants that occurred in September 2004. Plaintiff alleged that in acquiring a home equity loan on her residence, Defendants failed to comply with Texas Constitution Article XVI, section 50(a)(6), as well as Defendants' enforcement of a power of sale on the void lien and as a result, Plaintiff seeks to remove a cloud on her homestead, quieting title in favor of Plaintiff. Plaintiff's factual allegations[11] are summarized as follows:

1. Plaintiff resides and owns the property at 3245 Autumn Forest Drive, Pearland, TX 77584 ("*Property*"). This Property is her homestead.

---

[8] *See, e.g.*, *Badami v. Sears (In re AFY, Inc.)*, 461 B.R. 541, 547–48 (8th Cir. BAP 2012) ("Unless and until the Supreme Court visits other provisions of Section 157(b)(2), we take the Supreme Court at its word and hold that the balance of the authority granted to bankruptcy judges by Congress in 28 U.S.C. § 157(b)(2) is constitutional."); *Tanguy v. West (In re Davis)*, 538 F. App'x 440, 443 (5th Cir. 2013) ("[W]hile it is true that *Stern* invalidated 28 U.S.C. § 157(b)(2)(C) with respect to 'counterclaims by the estate against persons filing claims against the estate,' *Stern* expressly provides that its limited holding applies only in that 'one isolated respect' . . . . We decline to extend *Stern's* limited holding herein.") (citing *Stern*, 564 U.S. at 475, 503).
[9] ECF No. 1, at 3; ECF No. 41; ECF No. 42.
[10] 135 S.Ct. 1932, 1939 (2015).
[11] ECF No. 1, at 2–3.

2. On September 17, 2004,[12] Plaintiff, being the owner of the Property, obtained a home equity loan to refinance an original loan obtained on October 25, 2001 ("*Loan*").

3. Plaintiff simultaneously entered into a Home Equity Security Agreement ("*Deed of Trust*") with the lender, which details the parties' rights and obligations regarding the lien.

4. Prior to obtaining the Loan, Plaintiff was supposed to receive notice that the loan was governed by Texas Constitution article XVI, § 50(a)(6)(g) on September 6, 2017. This did not occur.

5. This Loan refinanced a loan obtained on October 25, 2001, identified in the rider as Brazoria County Clerk's File No. 2001050185.

6. Plaintiff did not receive a copy of all the executed documents on the day of closing. Plaintiff received only some of the documents.

7. On July 2, 2019, Defendant BONY, foreclosed on Plaintiff's homestead.

8. As of December 27, 2019, the Acknowledgment of Fair Market Value has not been signed by either party because it does not exist.

Based on these factual allegations, Plaintiff pleads two causes of action.  First, Plaintiff seeks to quiet title to Plaintiff's home alleging that the Note and Deed of Trust upon which the Defendants assert an interest, although facially valid, is in fact invalid and of no force or effect because Defendants' uncured constitutional violations have rendered Defendants' underlying lien void from origination.[13]  Second, Plaintiff seeks a declaratory judgment pursuant to Chapter 37 of the Texas Civil Practice & Remedies Code, and requests that this Court issue a declaratory judgment that (a) declares Defendants failed to cure Constitutional defects in the loan

---

[12] *Id.* Exs. 1, 2.  While Plaintiff's Complaint erroneously lists the date of the Loan as September 17, 2017, this is clearly a typographical error. Exhibits 1 and 2 to the Complaint clearly show the date of the Loan to be September 17, 2004. Where an allegation in a pleading is contradicted by the contents of an attached exhibit, the exhibit controls. *See U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004).
[13] *Id.* at 5.

documents, (b) declares that the mortgage lien is noncompliant with the Texas Constitution and thereby void.[14]

## B. Defendants' Motion for Judgment on the Pleadings

In their Motion, Defendants assert the following:[15]

1. On or about September 17, 2004, Plaintiff obtained a non-purchase money Loan from First Franklin Financial Corporation in the original principal sum of $200,000, the terms of which were set forth in a promissory note (the "*Note*") secured by a Deed of Trust encumbering the Property.

2. On December 15, 2011, Plaintiff filed an original petition (the "*First Petition*") against BONY and Ocwen in the 23rd Judicial District Court of Brazoria County, Texas, which BONY and Ocwen subsequently removed to the U.S. District Court for the Southern District of Texas (the "*Prior Action*").[16]   Pursuant to the First Petition, Plaintiff challenged the validity of BONY's 2011 foreclosure sale under the terms of the Deed of Trust.[17]

3. On May 9, 2012, the Southern District of Texas entered an agreed judgment (the "*2012 Judgment*") in the Prior Action*, which voided a completed foreclosure sale and reinstated Plaintiff's ownership interest in the Property. In the 2012 Judgment, the court found:

   "[T]hat certain Note signed by Plaintiff on or about September 17, 2004 for $200,000.00 payable to the order of First Franklin Financial Corporation and as may be modified by the parties, remains a continuing obligation of Plaintiff, and that that certain Deed of Trust dated September 17, 2004 . . . remains a live and binding security instrument, providing security for the afore-referenced Note by providing a first-money lien on the Subject Property."[18]

4. On May 2, 2016, BONY filed a judicial foreclosure action (the "*Foreclosure Action*") against Plaintiff in the 149th Judicial District Court of Brazoria County, Texas.[19]

5. On February 12, 2019, the 149th Judicial District Court of Brazoria County, Texas entered a final judgment (the "*2019 Judgment*") against Plaintiff and in favor of BONY

---

[14] *Id.*
[15] ECF No. 23 at 3–5.
[16] ECF No. 23, Ex. A.  *See Judy Hollie v. The Bank of New York Mellon, et al.,* U.S. District Court for the Southern District of Texas Case No. 3:12-cv-00017.
[17] *See Id.*
[18] *See* ECF No. 23, Ex. B.
[19] See ECF No. 23, Ex. C. *The Bank of New York Mellon v. Judy Hollie*, 149th Judicial District Court of Brazoria County, Texas, Case No. 86334-CV.

in the Foreclosure Action.[20]   In the 2019 Judgment, the court concluded that Plaintiff committed an event of default under the Loan, that the outstanding balance of the Note is secured by the Deed of Trust on the Property, and that the Deed of Trust allows BONY to foreclose on the Property.[21]

6.   On July 2, 2019, BONY foreclosed on the property due to Plaintiff's default.[22]

7.   On December 27, 2019, Plaintiff initiated this action by filing her Complaint, which alleges the Loan violates the Texas Constitution.  Plaintiff brings two causes of action— quiet title and suit for declaratory judgment—which seek a determination that the Deed of Trust is invalid and void.[23]

## C.  Legal Standard for a Motion for Judgment on the Pleadings Pursuant to Rule 12(c)

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial."[24]   "A motion brought pursuant to [Rule 12(c)] is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."[25]   The standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion to dismiss under Rule 12(b)(6).[26]

To survive a motion under Rule 12(c), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[27] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[28]   Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8 of the Federal Rules of Civil

---

[20] ECF No. 23, Ex. D.

[21] *Id.*

[22] ECF No. 1, at 3.

[23] ECF No. 1.

[24] Fed. R. Civ. P. 12(c).

[25] *Hebert Abstract Co., Inc. v. Touchstone Props., Ltd*., 914 F.2d 74, 76 (5th Cir. 1990).

[26] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002) ("Rule 12(b)(6) decisions appropriately guide the application of Rule 12(c) because the standards for deciding motions under both rules are the same.").

[27] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[28] *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556).

Procedure.[29]  Importantly, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[30]

### 1.  Whether the 2012 Judgment and the 2019 Judgment are void.

As a threshold matter, this Court must first determine whether the 2012 Judgment and the 2019 Judgment are void. This is significant because those judgments affect whether Plaintiff is precluded from bringing a claim under the Texas Constitution here.  Plaintiff contends that both judgments are void for lack of subject-matter jurisdiction where the Deed of Trust is invalid because it allegedly fails to comply with Texas Constitution Article XVI, section 50(a)(6).[31] Because Plaintiff did not appeal either judgment, Plaintiff's assertions here are collateral attacks.[32]

First, this Court does not have jurisdiction to review the 2019 Judgment.  Unlike the 2012 Judgment, which was entered by the Southern District of Texas,[33] the 2019 Judgment was entered by the 149th Judicial District in Brazoria County, Texas.[34]  Under the *Rooker/Feldman* doctrine, "federal district courts lack jurisdiction to entertain collateral attacks on state judgments."[35]  "A federal complainant cannot circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief."[36]  This Court is without authority to review whether the district court in Brazoria County had subject-matter jurisdiction over the Foreclosure Action.

---

[29] *See Iqbal,* 556 U.S. at 679.
[30] *Ruiz v. Brennan*, 851 F.3d 464, 471 n.5 (5th Cir. 2017) (citation and internal quotation marks omitted).
[31] ECF No. 31 at 4–5.
[32] *Gober v. Terra+Corp. (In re Gober)*, 100 F.3d 1195, 1202 (5th Cir. 1996) (citing *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985)).
[33] ECF No. 23, Exhibit B.
[34] *Id.*, Exhibit D.
[35] *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994).
[36] *Id.*

Second, this Court can review the 2012 Judgment only if that judgment is void because only void judgments may be collaterally attacked.[37]  A judgment that is merely avoidable "must be corrected on direct appeal."[38]  "A judgment is void only when it is shown that the court had no jurisdiction over the parties or property, no jurisdiction over the subject matter, no jurisdiction to enter the particular judgment, or lacked capacity to act as a court."[39]

While Plaintiff implies that the court lacked subject-matter jurisdiction, Plaintiff's argument that the Loan was invalid because it failed to comply with section 50(a)(6) of the Texas Constitution does not raise a jurisdictional issue. [40]  Plaintiff also argues that the judgment was "an agreement between the parties to continue to violate the Texas Constitution, which the *Woods* [sic] case expressly forbids."[41]  Likewise, this does not raise a jurisdictional issue.   Even if Plaintiff raised a genuine issue as to the subject-matter jurisdiction in the Prior Action, this Court is without jurisdiction to entertain a collateral attack on the 2012 Judgment.[42]  Contentions regarding that court's jurisdiction were subject only to direct review.[43]  Plaintiff should have appealed.  Accordingly, the 2012 Judgment, like the 2019 Judgment, retains its preclusive effect here.

---

[37] *In re Gober*, 100 F.3d at 1202.

[38] *Id.* at 1203.

[39] *Id.* at 1202.

[40] ECF No. 31 at 4-5.

[41] ECF No. 31 at 5 (citing *Wood v. HSBC Bank USA, N.A.*, 505 S.W.3d 542, 545 (Tex. 2016)).

[42] *Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 376 (1940) (finding that federal district courts "are courts with authority . . . to determine whether or not they have jurisdiction to entertain the cause and for this purpose to construe and apply the statute under which they are asked to act.  Their determinations of such questions, while open to direct review, may not be assailed collaterally."); *see also, e.g.*, *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxiges de Guinee*, 456 U.S. 694, 702 (1982) ("A party that has had an opportunity to litigate the question of subject-matter jurisdiction may not . . . reopen that question in a collateral attack upon an adverse judgment.  It has long been the rule that principles of res judicata apply to jurisdictional determinations both subject matter and personal."); *Royal Ins. Co. v. Quinn-L Capital Corp.*, 960 F.2d 1286, 1293 (5th Cir. 1992) ("If the parties against whom judgment was rendered did not appeal, the judgment becomes final and the court's subject matter jurisdiction is insulated from collateral attack.").

[43] *Chicot County Drainage Dist.*, 308 U.S. at 376.

## 2.   Whether Plaintiff's claims are barred by *res judicata*.

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."[44]  Courts apply a four-prong test in determining whether an action is barred on the basis of *res judicata*, which includes the following elements: "the parties must be identical in both suits, the prior judgment must have been rendered by a court of competent jurisdiction, there must have been a final judgment on the merits and the same cause of action must be involved in both cases."[45] Additionally, even when the four elements of *res judicata* test are satisfied, courts must consider whether the previously unlitigated claim could or should have been brought in the earlier litigation.[46]  Finally, Texas courts have recognized that claims based on violations of the home equity provisions of the Texas Constitution may be barred by *res judicata*.[47]  The Court will address each element in turn.

### a.   Whether the parties are identical in both suits.

The parties in this action are the same as or in privity with the parties to the Prior Action and Foreclosure Action.  Indeed, Plaintiff and BONY are parties to this suit and were parties to

---

[44] *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

[45] *Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 559 (5th Cir. 1983) (en banc) (quoting *Kemp v. Birmingham News Co.*, 608 F.2d 1049, 1052 (5th Cir. 1979)); *see also, e.g., Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005); *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004); *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999).

[46] *See D-1 Enters., Inc. v. Commercial State Bank*, 864 F.2d 36, 38 (5th Cir. 1989); *see also In re Howe*, 913 F.2d 1138, 1145 (5th Cir. 1990).

[47] *See Calderon v. Bank of N.Y. Mellon*, 791 F. App'x 453, 456 (5th Cir. 2019) (affirming dismissal of claim that loan violated Texas Constitution on the basis of res judicata); *Perry v. Cam XV Trust*, 579 S.W.3d 773, 779–81 (Tex. App.—Houston [1st Cir.] 2019, no writ) (finding that the defendant could have brough his claim pursuant to section 50 of the Texas Constitution in a previous suit involving the same parties); *Summers v. Ameriquest Mortg. Co.*, 2008 Tex. App. LEXIS 254, *7 (Tex. App.—Houston [14th Cir.] Jan. 15, 2008, no writ) (finding that the homeowner previously litigated her claim pursuant to section 50(a)(6)(M)(ii) of the Texas Constitution and thereby res judicata barred relitigation); *Livingston v. U.S. Bank Nat'l Ass'n*, 2020 Tex. App. LEXIS 2808, at *8–*11 (Tex. App.—Fort Worth Apr. 2, 2020, no writ) (discussing applicability of res judicata to claim based on violation of Texas Constitution); *Hart v. Wells Fargo Bank N.A.*, 2017 Tex. App. LEXIS 6077, at *13 (Tex. App.—Beaumont June 29, 2017, no writ) ("We hold that the trial court did not err by applying the doctrine of res judicata to prevent the Harts from relitigating whether the home-equity loan violated section 50 of the Texas Constitution.").

the prior lawsuits that resulted in the 2012 Judgment and the 2019 Judgment.  While PHH was not a party to the Prior Action, it is the successor by merger to Ocwen, which was a party to the Prior Action.[48]  As Ocwen's successor, PHH is in privity with Ocwen for purposes of *res judicata*.[49] PHH and Ocwen otherwise served as the authorized servicing agent for BONY.  In this capacity, they are in privity with BONY for purposes of *res judicata*.[50]  In light of the foregoing, the first prong for the application of *res judicata* is clearly met.

### b.  Whether the prior judgment was rendered by a court of competent jurisdiction.

The 2012 Judgment was entered by the U.S. District Court for the Southern District of Texas.[51]  The 2019 Judgment was entered by the 149th Judicial District Court of Brazoria County, Texas.[52]  These courts determined they had subject matter jurisdiction and Plaintiff did not appeal those decisions.[53]  Accordingly, for purposes of employing *res judicata*, the prior judgments were rendered by courts of competent jurisdiction and the second prong has been met.

### c.  Whether there was a final judgment on the merits.

Both the 2012 Judgment and the 2019 Judgment were final.  Courts routinely recognize that an agreed judgment such as the 2012 Judgment is final and entitled to full *res judicata*

---

[48] *See* ECF No. 23, Ex E.  A true and correct copy of the Certificate of Merger.
[49] *See Balogun v. JPMorgan Chase*, 2016 WL 3675592, at *6 n.8 (N.D. Tex. 2016).
[50] *See Russell v. SunAmerica Securities, Inc.*, 962 F.2d 1169, 1172 (5th Cir. 1992) (finding privity for res judicata purposes where relations between two parties were analogous to that of principal and agent).
[51] ECF No. 23, Ex. B.
[52] *Id.* Ex. D.
[53] *Republic Supply Co. v. Shoaf*, 815 F.2d 1046, 1053 (5th Cir. 1987) (finding that the second prong of res judicata was met because the bankruptcy court determined it had subject matter jurisdiction and that decision was not appealed); *see also Chicot County Drainage Dist.*, 308 U.S. at 376 (finding that a final judgment may not be collaterally attacked based on subject matter jurisdiction).

effect.[54] On its face, the 2019 Judgment reflects that it is final.[55]  Accordingly, the third prong, that the prior judgments were final, is met.

### d.  Whether the same cause of action is involved in both cases.

Regarding the final prong, courts apply the transactional test of section 24 of the Restatement (Second) of Judgments.[56]  "Under that test, the preclusive effect of a prior judgment extends to all rights the original plaintiff had 'with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose.'"[57]  The critical issue under this prong is whether the prior "actions under consideration are based on the same nucleus of operative facts, rather than the type of relief requested, substantive theories advanced, or types of rights asserted."[58] All three cases concern the same nucleus of operative facts regarding the Loan and the parties' rights thereunder and more specifically, Defendants' right to foreclose on the Property. Therefore, all four prongs of the *res judicata* test are met.  Next, the Court must consider whether the claims asserted could or should have been asserted in the prior lawsuits.

### e.  Whether Plaintiff could or should have brought her claims in the Prior Action or the Foreclosure Action.

The claims asserted in this case could and should have been asserted in the prior lawsuits. The Prior Action challenged a judicial foreclosure proceeding brought under the Deed of Trust.[59] Any claims related to the validity and enforceability of the Loan could and should have been asserted then. Insofar as the 2019 Foreclosure Action is concerned, Plaintiff's current claims

---

[54] *United States v. Shanbaum*, 10 F.3d 305, 313-14 (5th Cir. 1994) (citing *United States v. Int'l Building Co.*, 345 U.S. 502, 505–06 (1953); *Jones v. Texas Tech Univ.*, 656 F.2d 1137, 1144 (5th Cir. 1981); *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 538–39 (5th Cir. 1978)).
[55] ECF No. 23, Ex. D
[56] *See, e.g.*, *Ries v. Paige (In re Paige)*, 610 F.3d 865, 872 (5th Cir. 2010); *Southmark Props. v. Charles House Corp.*, 742 F.2d 862, 870-71 (5th Cir. 1984); *Osherow v. Ernst & Young, LLP (In re Intelogic Trace, Inc.)*, 200 F.3d 382, 386 (5th Cir. 2000).
[57] *Petro-Hunt*, 365 F.3d at 395-96 (quoting Restatement (Second) of Judgments § 24(1) (1982)).
[58] *Paige*, 610 F.3d at 872 (internal quotation marks and citations omitted).
[59] ECF No. 23, Ex. A.

challenging the enforceability of the Deed of Trust were compulsory counterclaims.[60]  This is because section 50(a)(6) operates as a defense to foreclosure on a home-equity loan.[61]  It is well-recognized that "[a] counterclaim which is compulsory but is not brought is thereafter barred."[62]

Plaintiff seeks a judicial determination that her now foreclosed mortgage was unenforceable because it did not comply with the Texas Constitution.[63]  Plaintiff did not raise this issue in the Prior Action or the Foreclosure Action, both of which resulted in final judgments.  Given that this action is based on the same nucleus of operative facts as the prior actions (namely, Plaintiff's mortgage loan and Defendants' efforts to foreclose), the Court has already found that the doctrine of *res judicata* and judicial estoppel are clearly implicated in this case.  Additionally, courts routinely apply the doctrine of *res judicata* to bar claims based on violations of the home equity provisions of the Texas Constitution.[64]

Moreover, while not totally clear from Plaintiff's Response to Defendants' Motion for Judgment on the Pleadings ("*Response*") and her Brief for Defendants' Motion for Judgment on the Pleadings ("*Plaintiff's Brief*"), Plaintiff argues that even though her claim that the Loan and Deed of Trust violated section 50(a)(6) of the Texas Constitution should have been raised pursuant to Texas Civil Practice and Remedies Code section 16.069 in the Prior Action, the lien

---

[60] *See Williams v. Natl. Mortg. Co.*, 903 S.W.2d 398, 404 (Tex. App.—Dallas 1995, writ denied) (recognizing that claims related to a foreclosure action are compulsory counterclaims in the foreclosure action).

[61] *Wood*, 505 S.W.3d at 546.

[62] *Papadopoulos v. Douglas*, 2001 U.S. App. LEXIS 30982, at *4 (5th Cir. 2001) (quoting *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 467 n.1 (1974)).

[63] ECF No 1. at 6.

[64] *See, e.g.*, *Calderon*, 791 F. App'x at 456 (affirming dismissal of claim that loan violated Texas Constitution on the basis of res judicata); *Perry*, 579 S.W.3d at 779–81 (finding that the defendant could have brough his claim pursuant to section 50 of the Texas Constitution in a previous suit involving the same parties); *Summers*, 2008 Tex. App. LEXIS 254, *7 (finding that the homeowner had previously litigated her claim pursuant to section 50(a)(6)(M)(ii) of the Texas Constitution and thereby res judicata barred relitigation); *Livingston*, 2020 Tex. App. LEXIS 2808, at *8–*11 (discussing applicability of res judicata to claim based on violation of Texas Constitution); *Hart*, 2017 Tex. App. LEXIS 6077, at *13 ("We hold that the trial court did not err by applying the doctrine of res judicata to prevent the Harts from relitigating whether the home-equity loan violated section 50 of the Texas Constitution.").

is nonetheless strictly prohibited by the Texas Constitution.[65]   The 2019 foreclosure sale then, Plaintiff continues, is invalid because without a valid lien, Defendants never had the power of sale of the Property.[66]

Defendants mischaracterize Plaintiff's argument regarding Texas Practice & Civil Remedies Code section 16.069.  They contend that Plaintiff argues she could not bring her claim in the Prior Action or the Foreclosure Action because it was time barred.[67]   While Plaintiff does say that "[p]ursuant to *Priester*, [her] claim was time barred by a 4-year statute of limitation,"[68] Plaintiff acknowledges that pursuant to section 16.069, she "should have brought [her] claim for a Constitutional infirmity in the 2012 case."[69]   Regardless, she continues, the Texas Constitution strictly prohibits invalid liens and section 16.069 cannot "create an avenue that makes the lien valid and allows for an unlawful foreclosure."[70]

*Wood*, a case cited by Plaintiff, holds that "section 50(a) does not create substantive rights beyond a defense to foreclosure of a home-equity lien securing a constitutionally noncompliant loan, observing that the terms and conditions in section 50(a)(6) 'are not constitutional rights and obligations unto themselves.'"[71]   *Wood* expressly acknowledges that the purpose of section 50(a)(6) is as a defense to foreclosure.  Thus, Plaintiff should have brought her claim in the Foreclosure Action.   And, as discussed above, courts throughout Texas recognize that the doctrine of *res judicata* can preclude a borrower from bringing a claim based

---

[65] ECF No. 24 at 3; ECF No. 31 at 4–5.
[66] *Id.*
[67] ECF No. 32 at 2.
[68] ECF No. 31 at 4.
[69] *Id.*  If Plaintiff's constitutional infirmity claim was time barred in 2012, which Defendants dispute and this Court need not decide, Plaintiff could not bring that claim in the Prior Action pursuant to TEX. PRAC. & CIV. REM. CODE § 16.069 because that provision applies only to counterclaims, not affirmative claims. Plaintiff was also the plaintiff in the Prior Action.  This is immaterial, however, because Plaintiff could bring her claim under § 16.069 in the Foreclosure Action and she did not.
[70] *Id.* at 4–5.
[71] 505 S.W.3d at 546.

on noncompliance with the home equity provisions of the Texas Constitution.[72]  Accordingly, the

2019 Judgment supports application of the *res judicata* doctrine in this case.  Because each prong

of the test for invoking *res judicata* is met in this case and Plaintiff did not bring her claims when

she could or should have, Plaintiff is precluded from pursuing those claims in this Court.[73]

### 3.   Whether Plaintiff's claims are barred by judicial estoppel.

"The doctrine of judicial estoppel prevents a party from asserting a claim in a legal

proceeding that is inconsistent with a claim taken by that party in a previous proceeding."[74]  The

aim of the doctrine of judicial estoppel is to "protect the integrity of the judicial process."[75]  "The

doctrine is generally applied where 'intentional self-contradiction is being used as a means of

obtaining unfair advantage in a forum provided for suitors seeking justice.'"[76] Generally, courts

within the Fifth Circuit apply federal law rather than state law when analyzing judicial estoppel

claims because "judicial estoppel is 'a matter of federal procedure'"[77] and "it is the federal court

that is subject to manipulation and in need of protection."[78]

There are three bases for invoking judicial estoppel that courts within the Fifth Circuit

weigh.[79]  "First, it must be shown that 'the position of the party to be estopped is clearly

inconsistent with its previous one; and second, that party must have convinced the court to accept

---

[72] *See Calderon*, 791 F. App'x at 45; *Perry*, 579 S.W.3d at 779–81; *Summers*, 2008 Tex. App. LEXIS 254, *7; *Livingston*, 2020 Tex. App. LEXIS 2808, at *8–*11; *Hart*, 2017 Tex. App. LEXIS 6077, at *13.

[73] ECF No. 23.

[74] *Reed v. City of Arlington*, 650 F.3d 571, 573–74 (5th Cir. 2011) (quoting 18 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 134.30 (3d ed. 2011)).

[75] *New Hampshire v. Maine*, 532 U.S. 742, 749–50 (2001).

[76] *Browning Mfg. v. Mims (In re Coastal Plains, Inc.)*, 179 F.3d 197, 206 (5th Cir. 1999) (quoting *Scarano v. Central R. Co.*, 203 F.2d 510, 513 (3d Cir. 1953)).

[77] *Hall v. GE Plastic Prac. PTE, Ltd.*, 327 F.3d 391, 395 (5th Cir. 2003) (quoting *Ergo Science, Inc. v. Martin*, 73 F.3d 595, 600 (5th Cir. 1996)).

[78] *Id.* at 395–96 (affirming the district court's adoption of the magistrate's application of federal law rather than Texas state law regarding judicial estoppel).

[79] *Id.* at 396, 399 (outlining the two bases for judicial estoppel that exist within the Fifth Circuit and one imposed by the Supreme Court in *New Hampshire*, 532 U.S. at 750).

that previous position.'"[80]   Third, as the Supreme Court articulated in *New Hampshire*, courts should consider "whether the party seeking to assert the inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped."[81] Ultimately, however, "judicial estoppel is not governed by 'inflexible prerequisites or an exhaustive formula for determining [its] applicability,' and numerous considerations 'may inform the doctrine's application in specific factual contexts.'"[82]

The first element of the test for judicial estoppel is satisfied if a litigant asserts a particular position in a lawsuit, then later asserts a contrary position in the same or another lawsuit.[83]   In this case, Plaintiff's position is that the Loan and Deed of Trust violate the Texas Constitution and are therefore invalid.[84]   Contrarily, in the Prior Action resulting in the 2012 Judgment, which was an agreed judgment that voided a completed foreclosure sale and reinstated Plaintiff's ownership interest in the Property, Plaintiff accepted the validity of the Loan.[85] Because Plaintiff's positions are clearly inconsistent, the first element of the judicial estoppel analysis weighs in favor of invoking the doctrine.

The second factor weighs in favor of judicial estoppel if the party against whom estoppel is asserted convinced a court to accept its prior inconsistent position.[86]   As previously discussed, the Prior Action resulted in the court accepting that the Loan was valid and enforceable.[87] Indeed, the court in the Prior Action relied on Plaintiff's representation that the Loan and Deed

---

[80] *Id.* at 396 (quoting *Ahrens v. Perot Systems Corp.*, 205 F.3d 831, 833 (5th Cir. 2000)).
[81] *New Hampshire*, 532 U.S. at 751.
[82] *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 261 (5th Cir. 2012) (quoting *New Hampshire*, 532 U.S. at 751).
[83] *See Hall*, 327 F.3d at 397 ("[A] party cannot advance one argument and then, for convenience or gamesmanship after that argument has served its purpose, advance a different and inconsistent argument.").
[84] *See* ECF No.1, at 5–6.
[85] *See* ECF No. 23, Ex. B
[86] *New Hampshire*, 532 U.S. at 750.
[87] *See* ECF No. 23, Ex. B.

of Trust were valid when it entered the 2012 Judgment.[88]  Entry of a judgment that agrees with a litigant's position is undoubtedly the court's acceptance of a litigant's position.  Thus, the second element for invoking judicial estoppel in this case is satisfied.

The third consideration for invoking judicial estoppel requires either an unfair advantage for Plaintiff or an unfair detriment to Defendants.[89]  The 2012 Judgment set aside the initial foreclosure sale of the Property[90] and title was re-vested in Plaintiff's name; thereby, Plaintiff obtained an advantage.  Now, Plaintiff paradoxically challenges the validity of the Loan and Deed of Trust.[91]  It would be unfair for Plaintiff to enjoy the benefits of the rescission of the prior foreclosure sale while at the same time avoiding the consequences of her acknowledgment that the Loan was fully enforceable.  Moreover, the 2012 Judgment constituted a detriment to Defendants because the foreclosure was set aside despite Plaintiff's admission in the Prior Action that she defaulted on the Loan.[92]  Accordingly, this Court finds that all three bases weigh in favor of invoking judicial estoppel against Plaintiff in this case.

### 4.  Whether leave to amend would be futile.

The Federal Rules of Civil Procedure recognize that a court should freely give leave to amend "when justice   so requires."[93]  However, a court may deny leave to amend where an amendment would be futile.[94]  Amendment is futile if the new complaint "could not survive a motion to dismiss."[95]  All Plaintiff's claims depend on her failed argument that the Loan does not comply with the Texas Constitution – an allegation she previously contradicted in order to

---

[88] *Id.*
[89] *New Hampshire*, 532 U.S. at 751.
[90] ECF No. 23, Ex. B.
[91] ECF No. 1 at 5.
[92] *See* ECF No. 23, Ex. A, ¶ 11 ("On or about March 1, 2011, Plaintiff fell behind in making her mortgage payments.").
[93] FED. R. CIV. P. 15(a)(2).
[94] *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000).
[95] *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010).

restore her ownership interest in the Property.  As established *supra*, *res judicata* and judicial estoppel preclude Plaintiff from now arguing that the Loan is constitutionally invalid. Consequently, any amendment to Plaintiff's Complaint would be futile and would cause undue delay as any such amendment would not survive a motion to dismiss.  Therefore, Plaintiff's claims are dismissed without leave to amend.[96]

Accordingly, the Court grants The Bank of New York Mellon f/k/a The Bank of New York as Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee First Franklin Mortgage Loan Trust 2005-FF1, Mortgage Backed Pass-Through Certificates, Series 2005-FF1 and PHH Mortgage Corporation's Motion for Judgment on the Pleadings. Plaintiff Judy Hollie's claims are dismissed with prejudice.

### III.    Conclusion

An Order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED 10/28/2020.

_____
Eduardo V. Rodriguez
United States Bankruptcy Judge

---

[96] ECF No. 1.